ALVIN RUDY EASON, Judge Pro Tem.
This case arises from the defendant-appellant’s conviction for second degree murder, La.R.S. 14:30.1, in the Criminal District Court for Orleans Parish.
The factual situation is as follows: defendant’s common law wife, Wendy Coleman, lived with defendant for six years, and four children were born of this union. On May 5, 1989 Wendy left their shared domicile with the children and refused to return to live with defendant. That evening, the defendant went to the house where Ms. Coleman was staying which was the residence of the victim. Defendant made several attempts to get Ms. Coleman to return home with him, including an unsuccessful intervention by the police department. Defendant returned early the next day. The scene turned into an argument in which the victim was shot and subsequently died. Defendant claims that the victim was hitting him with a baseball bat when a pistol dropped from the victim’s waistband. Defendant claims to have picked up the pistol and shot the victim in self-defense.
Defendant assigns five errors upon which he claims his conviction should be reversed:
1. Defendant, through counsel, was not allowed by the trial court to question potential jurors thoroughly enough to exercise his jury challenges properly;
2. The trial court erred in not testing the competency of Tyronne Jenkins, a defense witness who is defendant’s brother;
3. The State withheld exculpatory evidence which could have been used to impeach Wendy Coleman;
4. The State did not furnish defendant with an accurate copy of the record of defendant’s prior arrests and convictions;
*560 5. The trial court erred in denying defendant’s motion for new trial.
I
With reference to the voir dire, defendant argues that the trial judge would not allow his attorney to question the potential jurors about their attitudes regarding legal issues. Defendant's counsel, however, does not point out any specific questions which were disallowed by the trial judge. The transcript shows that at the beginning of the questioning defense counsel told the jurors that he had some personal questions that he would like to ask them in order to get to know them better. The trial judge interrupted him, pointing out that personal information about the jurors was provided to him on a master sheet. This was clearly within the discretion of the trial judge to promote judicial economy and prevent repetition. State v. Robinson, 404 So.2d 907 (La.1981). This assignment of error is without merit.
II
Defendant argues that the court erred in not testing the competency of Tyronne Jenkins who defense counsel now argues is retarded and incompetent to testify. Tyronne Jenkins was a defense witness. The State raised the question of a competency hearing at trial, but defense counsel neither put any information before the court as to the incompetency of the witness nor objected to the testimony. Defendant is thus precluded from raising the issue on appeal. This assignment of error is without merit.
III
Defendant, through his counsel, argues that the State failed to disclose exculpatory evidence, namely, the police report containing a statement given by Wendy Coleman which was inconsistent with her trial testimony. Ms. Coleman originally told the police that she saw the shooting, but admitted under the State’s examination that in fact she had only heard the arguments and the shots. Defense counsel made no timely objection, and the testimony clearly shows that defendant was not prejudiced by not having this information. In fact, the State weakened its case by this testimony. This issue is without merit. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
IV
Defendant complains that he was prejudiced because the State did not provide him with an accurate record of his prior arrests and convictions. The State furnished defendant with his rap sheet. Defendant well knew about his two previous convictions and admitted these on cross examination. Additionally, the rap sheet provided sufficient information about the charge upon which defendant claims to have received inaccurate information for defense counsel to have determined the disposition of the charge. The State complied with discovery by producing the rap sheet as provided in La.C.Cr.P. art. 717. This issue is without merit.
V
Defendant argues that the trial court erred in not granting a new trial because the verdict was contrary to the law and evidence. The defense contends that the evidence presented at trial showed that the crime was committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection and thus, the jury should have returned a verdict of manslaughter. The transcript and the record show that considerable time had elapsed for defendant’s blood to have cooled — defendant made several “visits” to the victim’s house, there had even been police intervention in the case, and the defendant had harassed the victim all through the night. Considered in the light most favorable to the State, a reasonable trier of fact could have found that the defense did not prove “heat of blood” or “sudden passion” sufficient to deprive an ordinary man of his self-control and cool reflection.
*561 Defendant also claims that the trial judge should have granted a new trial because a witness could not attend trial. The record does not indicate that the defense made any effort to obtain the witness’s presence at trial. The trial court did not abuse its discretion in denying the motion for new trial on this ground. State v. Howard, 325 So.2d 812 (La.1976).
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.